UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

OKECHUKWU DESMOND AMADI,

                        Plaintiff,

                -against-

UNITED STATES OF AMERICA,

                      Defendant.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-03508 (OEM) (LB)

ORELIA E. MERCHANT, United States District Judge:

Okechukwu Desmond Amadi ("Plaintiff") filed a motion under Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property seized by the Federal Bureau of Investigation ("FBI") during his 2017 arrest.

For the reasons that follow, the Plaintiff's motion is granted in part and denied in part, and in part, the Court reserves decision pending further submissions.

## BACKGROUND

On September 19, 2017, a Middle District of Florida grand jury returned an indictment charging Plaintiff with one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h), and two counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). United States Response Letter ("Gov't's Opp."), ECF 21 at 1; *see United States v. Amadi*, Grand Jury Indictment ("Indictment"), 17-CR-447 (M.D. Fla.), ECF 1. On September 28, 2017, Plaintiff was arrested by FBI agents when he landed at John F. Kennedy International Airport on a flight from Paris, France. Gov't's Opp. at 1-2. During his arrest FBI agents seized his property, which was logged on a "Receipt for Property" document. *Id.* at 2. The "Receipt for Property" document details that the following items were collected/seized from Plaintiff:

1

- $8,216 in U.S. Currency
- $45,500 Naira; consisting of (91) 500 Naira notes
- One Samsung Galaxy S6
- One red Apple iPhone 7
- Seven checkbooks for Creator Global Investments LLC
- One red notebook
- One marble notebook
- One black 5-star notebook
- Texas driver's license
- Nigerian passport
- Air France boarding pass
- Cancelled check

*Id.* at 2, 7.

On November 7, 2018, the jury returned a verdict finding Plaintiff guilty on all three counts of the indictment: money laundering (promoting unlawful activity), money laundering (concealing proceeds of specified unlawful activity), and money laundering (avoiding transaction reporting requirement). Gov't's Opp. at 2; *see Amadi*, Jury Verdict, 17-CR-447 (M.D. Fla.), ECF 124.

On April 12, 2019, Plaintiff was sentenced to 135-months imprisonment, to run concurrently on all three counts, followed by a 3-year supervised release term. Gov't's Opp. at 2; *see Amadi*, Amended Judgment, 17- CR-447 (M.D. Fla.), ECF 174. As part of his sentence, Plaintiff was also ordered to pay $1,358,500 in restitution, ordered to forfeit $833,625, including $8,216.00, which was seized from Plaintiff upon his arrest in September 2017. Amended Judgment at 5-10; *see Amadi*, Final Order of Forfeiture, 17-CR-447 (M.D. Fla.), ECF 156 at 1. Plaintiff's sentence was reduced to a total of 121 months imprisonment on August 28, 2023, but the terms of his monetary penalties, restitution and forfeiture, remained unchanged. *See Amadi*, Second Amended Judgment, 17-CR-447 (M.D. Fla.), ECF 198.

**PROCEDURAL HISTORY**

On May 9, 2024, Plaintiff filed the instant motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property seized during his arrest in 2017. Complaint ("Compl."), ECF 1; *see* Indictment, ECF 1. On October 21, 2024, the Government responded to Plaintiff's motion by requesting that the Court dismiss the motion without prejudice or transfer the case to the Middle District of Florida. Government Response to Motion, ECF 16. On January 17, 2025, the Court denied the Government's request, finding that venue is proper in this district and ordered the Government to file a substantive answer to Plaintiff's motion. Order dated 1/17/2025. On January 17, 2025, Plaintiff filed an amended motion with supplemental arguments for his motion to return his seized property. Amended Complaint ("Am. Compl."), ECF 19. The Government responded to the Court's order on February 14, 2025, requesting that Plaintiff's motion be denied in its entirety. Gov't Opp. at 3.

**LEGAL STANDARD**

Rule 41(g) of the Federal Rules of Criminal Procedure, entitled "Motion to Return Property," provides that "[a] person aggrieved by . . . the deprivation of property may move for the property's return" by filing a motion "in the district where the property was seized." FED. R. CRIM. PROC. 41(g). A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil equitable action, giving federal courts equitable jurisdiction to order the return of property. *Diaz v. United States*, 517 F.3d 608, 610-11 (2d Cir. 2008).

To prevail on a Rule 41(g) motion, the moving party must demonstrate that: "(1) [the party] is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *Ferreira v. United States*, 354 F. Supp.2d 406, 409 (S.D.N.Y. 2005); *accord United States v.*

*Figueroa*, 22-CV-4490 (ER), 2022 WL 2873226, *2 (S.D.N.Y. July 21, 2022). Once the criminal proceeding has been completed, "the evidentiary burden under Rule 41(g) shifts to the government to demonstrate that it has a 'legitimate reason' for retaining the seized property." *Ferreira*, 354 F. Supp. 2d at 409. Because Plaintiff is pro se, the court must liberally construe his pleadings and submissions to raise the strongest arguments they suggest. *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007).

## DISCUSSION

Plaintiff asserts that because the Government lacked probable cause and the scope of the authorized search warrant could not justify the seizure of funds, the seizure of his property was unlawful and illegal because his Fourth Amendment rights were violated. Am. Compl. at 2, 4. Additionally, Plaintiff argues that the seizure of funds in his business account violated his Fifth and Fourteenth Amendment rights. *Id.* at 4. Plaintiff also states the seizure and the continued retention of his property without due process has caused him undue financial hardship, depriving him of his Sixth Amendment to an attorney of his choice. *Id.* Plaintiff further states that he never received any form of proper notice of a civil or criminal action for the seizure of his property pursuant to any forfeiture statute. *Id.* at 5. In his motion, Plaintiff requests the return of the following items:

- A brown leather bag containing business files, books, folders, a passport, and other vital documents
- Two cell phones
- A wallet containing identification documents
- Credit and bank cards
- A piece of luggage containing articles of clothing and other personal effects
- A watch
- Cash in the amount of nine thousand dollars ($9,000.00)
- All proceeds seized from Plaintiff's business bank account

*Id.* at 1-2. Plaintiff does not specify the amount seized from his business bank account. *Id.* at 2.

### A. Cash Seized

The Government asserts that the cash seized from Plaintiff "has already been lawfully forfeited and therefore cannot be returned."  Gov't's Opp. at 3-4.

Claims for seized currency pursuant to Rule 41(g) are barred where the Government has already forfeited the funds.  *See Diaz*, 517 F.3d at 612-3; *see also United States v. Hill*, 2:12-CR-12-04, 2014 WL 971748 (D. Vt. Mar. 12, 2014).  This is because Rule 41(g) does not waive the doctrine of sovereign immunity – the United States cannot be compelled to pay money damages for property that is no longer physically available, and such claims are jurisdictionally barred. *Adeleke v. United States*, 355 F.3d at 144, 151 (2d Cir. 2004); *see Diaz*, 517 F.3d at 612-3.

Moreover, in sentencing Plaintiff, the Middle District of Florida ordered the forfeiture of the cash, which was incorporated into the final judgment against him.  *See* Second Amended Judgment.  "If [Plaintiff] believed that the Court's order of forfeiture was inappropriate 'his remedy laid in objecting to the Order before its issuance, a timely motion for reargument or an appeal.  None of those options was utilized.'" *United States v. Hawkins*, 16-CR-691 (GHW), 2021 WL 292750, at *6 (S.D.N.Y. Jan. 28, 2021) (quoting *United States v. Wernick*, 148 F. Supp. 3d 271, 275 n.2 (E.D.N.Y. 2015), *aff'd*, 673 F. App'x 21 (2d Cir. 2016)).

Because the funds seized during Plaintiff's September 2017 arrest have been forfeited and the funds disbursed, the funds are unavailable for return and this Court lacks jurisdiction. Accordingly, Plaintiff's Rule 41(g) motion with respect to this property is denied.

### B. Bank Account Proceeds Seizure

Plaintiff also requests return of "all proceeds seized from Petitioner's business bank account."  Am. Compl. at 2.  Plaintiff states that the seizure of the proceeds in this account were seized without due process and were not related to the charges brought against him and, therefore,

were not subject to forfeiture. *Id.* at 2-7. The Government asserts that the government did not seize or forfeit any bank accounts in the underlying criminal case. Gov't Opp. at 5.

To the extent that the Plaintiff's claim regarding the seizure of his business account proceeds refers to the $833,625 forfeited or the $1,358,000 ordered as restitution, *see* Second Amended Judgment, such funds cannot be returned for the reasons discussed above. However, to the extent Plaintiff is referring to the seizure of bank accounts or funds unrelated to the Middle District of Florida's entry of judgment, Plaintiff is hereby directed to clarify and identify precisely the property at issue in his allegations and the basis for this Court's jurisdiction under Rule 41.[1] In other words, Plaintiff must explain whether it is alleged that such bank accounts were seized within the Eastern District of New York.

### C. Brown Leather Bag, Wallet, and Luggage

Plaintiff also requests the return of a brown leather bag, a wallet, and luggage. Am. Compl. at 1. The Government asserts that there is "no record of seizing" these items and represents, in an

---

[1] "In cases in which whether the property was ever seized is in question, 'once the government . . . bear[s] the burden of proving that it dealt with plaintiff's property in accordance with regulations prescribed in 41 C.F.R. § 128–50.101 or other acceptable standards . . . the burden should then shift to the claimant to demonstrate the existence of the property.'" *Sanchez-Butriago v. United States*, 00-CV-8820 (JFK), 2003 WL 21649431, at *4 (S.D.N.Y. July 14, 2003) (quoting *Otonoye v. United States,* 903 F. Supp. 357, 363 n. 8 (E.D.N.Y. 1995)). Section 128-50.101 requires the Government to:

"establish [] and maintain[] inventory records of its seized personal property to ensure that: (a) The date the property was seized is recorded; (b) All of the property associated with a case is recorded together under the case name and number; (c) The location of storage of the property is recorded; (d) A well-documented chain of custody is kept; and (e) All information in the inventory records is accurate and current."

41 CFR § 128-50.101 (1991). Here, the Government has submitted a receipt of property recording the items seized from Plaintiff at the time of his arrest. Gov't Opp., Ex. 1. However, that form fails to record the case name and number, the location of the property's storage, and fails to set out the chain of custody or establish a current inventory and location. At this juncture, there is insufficient evidence for this Court to establish the Government's compliance with Section 128-50.101. *Compare Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992) (reversing dismissal of Rule 41 motion where the government failed to offer sufficient evidence to support its assertion that it no longer had plaintiff's property) *with United States v. Cardona*, 897 F. Supp. 802, 804 (S.D.N.Y. 1995) (affidavits of agents, together with seizure reports, were sufficient proof that government's property information was current and accurate).

unsworn statement, that counsel "understands that the plaintiff's luggage was returned to the custody of the airline on which he traveled to New York from Paris." Gov't's Opp. at 4.

The Government's assertions are contradictory – it states at once that it has no record of seizing the property but implies that it did at one point take possession of Plaintiff's luggage. *Id.* at 3-4. However, "when the government does not verify its claim that the seized property was destroyed, and there is no evidence in the record to show that the property was actually destroyed, the government fails to meet its burden under Rule 41(g). *Id.* In this case, the Government offered no evidence to support its claim that [Plaintiff's] personal belongings had been destroyed." *United States v. Palacios Gonzalez*, 372 F. App'x 996, 999 (11th Cir. 2010) (cleaned up); *see Diaz*, 517 F.3d at 612 (noting that if the government no longer possesses the seized property, the doctrine of sovereign immunity bars suit under Rule 41(g)). Accordingly, the United States is ordered to submit affidavits of individuals with personal knowledge regarding the return of Plaintiff's property to the airline. *See Bokel v. NYPD Prop. Clerk Div.*, 06-CV-2849 (SLT) (LB), 2008 WL 899404, at *2 (E.D.N.Y. Apr. 3, 2008) ("If the government asserts that it no longer has the property sought, the District Court must determine, in fact, whether the government retains possession of the property; if it finds that the government no longer possesses the property, the District Court must determine what happened to the property." (cleaned up)).[2]

### D. Remaining Items

Lastly, the Government states that the Plaintiff can contact the FBI Tampa Field Office to arrange for the remaining items seized—two cell phones, credit and bank cards, and a watch—to

---

[2] If the property at issue is no longer in the possession of the government, the Court simply cannot order their return and Plaintiff's motion will be rendered moot. "The Second Circuit has explained that '[a] district court can order the return of property that is in the hands of the government' in equitable actions brought for the return of property after the conclusion of criminal proceedings, but it cannot 'order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return.'" *United States v. Bastien*, 09-CR-205, 2013 WL 1701601, at *5 (E.D.N.Y. Apr. 19, 2013) (quoting *Diaz*, 517 F.3d at 611), *aff'd*, 565 F. App'x 24 (2d Cir. 2014).

be returned.  Gov't Opp. at 4.  The Court finds that each of these items should be returned to Plaintiff.  As such, the United States Attorney is ordered to return these items, or cause them to be returned, to Plaintiff.

## CONCLUSION

For the foregoing reasons stated, Plaintiff's motion for return of property is granted with respect to Plaintiff's two cell phones, credit and bank cards, and watch and denied with respect to funds seized during Plaintiff's September 2017 arrest, and the Court reserves decision with respect to alleged "business bank accounts" pending further submissions.

The Court hereby orders the following:

(1) The United States return to Plaintiff the two cell phones, credit and bank cards, and watch.

(2) The United States is ordered to submit affidavits of from individuals with personal knowledge regarding the return of Plaintiff's property to the airline no later than June 26, 2025.

(3) Plaintiff is hereby ordered to clarify and identify "business bank account" alleged to have been seized and explain the basis for this Court's jurisdiction no later than June 26, 2025. Plaintiff is warned that failure to do so may result in dismissal of this action for failure to prosecute.

SO ORDERED.

_/s/_ _____

ORELIA E. MERCHANT
United States District Judge

Dated: June 5, 2025
Brooklyn, New York