UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

OKECHUKWU DESMOND AMADI,

                        Plaintiff,

      -against-

UNITED STATES OF AMERICA,

                        Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
24-CV-03508 (OEM)

ORELIA E. MERCHANT, United States District Judge:

      Okechukwu Desmond Amadi ("Plaintiff") filed a motion under Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property seized by the Federal Bureau of Investigation ("FBI") during his 2017 arrest at John F. Kennedy ("JFK") International Airport. On June 5, 2025, the Court granted in part and denied in part Plaintiff's motion and reserved decision with respect to certain items sought in the initial motion. The Court ordered that (1) the United States return to Plaintiff the two cell phones, credit and bank cards, and watch that were seized during his September 28, 2017 arrest; (2) the United States submit affidavits regarding the return of Plaintiff's property to the airline no later than June 26, 2025; and (3) that Plaintiff further clarify and identify the "business bank account" alleged to have been seized and explain the basis for this Court's jurisdiction no later than June 26, 2025.

      Now before the Court are the United States' and Plaintiff's submissions in response to the Court's June 5, 2025 Order, Plaintiff's "Motion for Reconsideration," ECF 27, and Plaintiff's "Motion Requesting Court to Enforce its June 5th, 2025 Order," ECF 28.

      For the reasons that follow, Plaintiff's Motion for Return of Property is denied as to his "business bank account" and denied as moot as to Plaintiff's luggage, Plaintiff's Motion for

1

Reconsideration is denied, and Plaintiff's "Motion Requesting Court to Enforce its June 5th, 2025 Order" is denied as moot.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history in this action up until the Court entered its Order dated June 5, 2025. *See Amadi v. United States*, 24-CV-3508, 2025 WL 1589245 (E.D.N.Y. June 5, 2025).

In response to the Order, on June 26, 2025, the United States filed a letter providing a declaration by an individual with personal knowledge of the seizure of Plaintiff's property, attesting the Plaintiff's luggage was returned to the airline upon which he arrived at John F. Kennedy International Airport prior to his arrest on September 28, 2017. ECF 25. Also on June 26, 2025, Plaintiff called the Eastern District of New York's Pro Se Office and advised the Court of a change of address. The Court *sua sponte* extended the deadline for Plaintiff to respond to the Court's June 5, 2025 Order, until July 28, 2025. Order dated 6/27/2025.

On July 7, 2025, Plaintiff filed a motion for reconsideration of the Court's June 5, 2025 Order and submitted a letter clarifying the nature of his "business bank account" seized, as ordered by the Court. *See* ECF 27. Additionally, Plaintiff requested that the Court order the United States and the FBI to "send [Plaintiff's two cell phones, credit and bank cards, and watch] . . . accompanied with the chain of custody to this Court in the Eastern District of New York," to "avoid unintended mishaps that might arise as a result of the Postal System." *See id.* at 13.

On that same day, Plaintiff filed a notice of interlocutory appeal. ECF 26. Since at least one motion cited in the Federal Rules of Appellate Procedure, Rule 4(a)(4) remained pending at the time of Plaintiff's notice of appeal, the appeal was stayed pending resolution of the motions. ECF 30. On July 16, 2025, Plaintiff filed a "Motion Requesting Court to Enforce Its June 5th,

2

2025 Order" to the extent that it required the United States serve Plaintiff with copies of the declarations. ECF 28. On July 16, 2025, the United States filed a letter informing the Court that its June 26, 2025 letter and declaration was mailed to Plaintiff's current address. *See* ECF 29.

## DISCUSSION

### A. Motion for Return of Property

#### 1. Legal Standard

Rule 41(g) of the Federal Rules of Criminal Procedure, entitled "Motion to Return Property," provides that "[a] person aggrieved by . . . the deprivation of property may move for the property's return" by filing a motion "in the district where the property was seized." FED. R. CRIM. PROC. 41(g). A Rule 41(g) motion that is brought after the criminal proceeding is over is treated as a civil equitable action, giving federal courts equitable jurisdiction to order the return of property. *Diaz v. United States*, 517 F.3d 608, 610-11 (2d Cir. 2008).

#### 2. Analysis

##### a. Plaintiff's "Business Bank Account"

In response to the Court's June 5, 2025 Order directing Plaintiff to clarify and identify his "business bank account" allegedly seized by the United States, Plaintiff asserts that he is unable to identify the account because he has been incarcerated since 2017. He requests that the Court order the United States produce cancelled checks and checkbooks to enable him to identify the account allegedly seized. He states that "upon his arrest Plaintiff was notified in the weeks following of checks that were returned on the basis of the closed account. Additionally, as Plaintiff has explained in his previous briefs to this Court, the Government failed to prove a nexus between Plaintiff's business accounts and the funds alleged to be forfeited." Plaintiff asserts that the bank accounts allegedly seized are those related to the funds forfeited as part of Plaintiff's indictment.

3

However, as this Court previously held, claims for seized currency under Rule 41(g) are barred where the Government has already forfeited the funds. *Amadi*, 2025 WL 1589245, at *2. Plaintiff's proper remedy would have been to object to the Court's order of forfeiture prior to its issuance or to appeal. *Id.* at *3. Moreover, because the funds were seized as part of Plaintiff's criminal conviction in the Middle District of Florida, a Rule 41(g) motion cannot be maintained in the Eastern District of New York and must be denied for improper venue. *See Elfand v. United States*, 161 F. App'x 150, 151 (2d Cir. 2006) (transferring forfeiture proceeding to district where property was seized); *see also United States v. Collado*, 14-CR-731, 2020 WL 24865, at *2 (S.D.N.Y. Jan. 16, 2020).

Accordingly, Plaintiff's Motion for Return of Property is denied as to Plaintiff's "business bank account."

### b. Plaintiff's Brown Leather Bag, Wallet, and Luggage

Initially in response to Plaintiff's requests return of a brown leather bag, a wallet, and luggage in his Amended Complaint, the United States asserted that it had "no record of seizing" the items and represented in an unsworn statement "plaintiff's luggage was returned to the custody of the airline on which he traveled to New York from Paris." The Court, finding the United States' assertions to be unsupported and contradictory, ordered that an individual with personal knowledge of Plaintiff's arrest and the seizure of his property submit an affidavit. *See Amadi*, 2025 WL 1589245, at *4.

In response to the Court's order, the United States submitted an affidavit by Federal Bureau of Investigation Special Agent Sean Bartnik, testifying that he conducted the arrest of Plaintiff at JFK on September 28, 2017. ECF 25-1. "In connection with arrest, items in his possession were searched and certain items seized. An inventory was prepared of those seized items, which I

4

understand has previously been submitted to the Court and that I prepared and signed. . . . In addition to items contained in that inventory, I understand that Plaintiff has also requested the return of a brown leather bag, a wallet, and luggage. To the best of my recollection, after being searched, I believe the leather bag, wallet and luggage were returned to the airline. I note that this would have been consistent with my typical practice in conducting searches incident to an arrest at an airport, which is to return luggage to the airline after conducting a search." *Id.* Absent any evidence to the contrary, the Court finds that the United States no longer possesses the property at issue. Accordingly, the Court lacks subject matter jurisdiction over the remainder of Plaintiff's motion and Plaintiff's action is therefore dismissed as moot. *See Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004) (where the property is not in the government's possession, subject matter jurisdiction is lacking); *see also Bokel v. NYPD Property Clerk Div.*, 06-CV-2849 (SLT) (LB), 2008 WL 899404, at *8 (E.D.N.Y. Apr. 3, 2008) (finding, based on sworn declarations, that certain property was never seized and dismissing action for return of property as moot).

### c. Plaintiff's Request to Order Property Returned to this Court

In his letter to the Court, Plaintiff requests that the Court order "that the FBI produce the chain of custody" for his two cell phones, credit and bank cards, and watch, and send the items "to this Court in the Eastern District of New York" so as to "avoid any unintended mishaps that might arise as a result of the Postal System." ECF 27 at 12-13.

The Court is not aware of any authority that supports Plaintiff's request that the Court take possession his personal items, rather than them being sent directly to him. Plaintiff may, however, opt to designate a third party to receive his property. Such request or any further issues related to

5

the return of Plaintiff's property should be directed to the United States Attorney's office, who the Court has directed, pursuant to its June 5, 2025 Order, to facilitate the return of such property.

### B. Motion for Reconsideration

To succeed on a motion for reconsideration, the movant must show "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal citation and quotation omitted). "A movant seeking reconsideration must specify the errors of law or fact in the previous order and support the motion with pertinent authority." *Xiu Juan Liu v. Lynch*, 670 F. App'x 28, 28 (2d Cir. 2016) (alteration in original) (citing 8 U.S.C. § 1229a(c)(6)(C)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*, (July 13, 2012)). Nor is it "an opportunity for a [party] to . . . present arguments that could have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Reconsideration of a court's previous order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Bos. Corp., Inc.*, 05-CV-3430, 05-CV-4759, & 05-CV-4760, 2006 WL 1423785, at *1 (2d Cir. 2006). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v.*

*Connell*, 10-CV-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

Plaintiff seeks reconsideration of this Court's June 5, 2025 Order insofar as it denied Plaintiff's request that the United States return the cash seized from Plaintiff upon his arrest at JFK Airport on September 28, 2017. ECF 27 at 2-7. Plaintiff asserts that in its order of forfeiture, "the Government failed to provide a constitutionally valid administrative forfeiture proceeding in violation of Petitioner's due process rights." *Id.* at 3.

The Court previously held that Plaintiff's request for return of the cash seized, and subsequently forfeited to the United States is barred because sovereign immunity deprives this Court of jurisdiction. *Amadi*, 2025 WL 1589245, at *2 (citing *Adeleke*, 355 F.3d at 144). In his Motion for Reconsideration, Plaintiff has not identified an intervening change of controlling law, new evidence, or clear error warranting reconsideration of the Court's decision. Accordingly, Plaintiff's Motion for Reconsideration is denied.

7

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Return of Property is denied as to his "business bank account" and denied as moot as to Plaintiff's luggage, brown leather bag, and wallet. Further, Plaintiff's request for the United States to return his property to this Court and Plaintiff's Motion for Reconsideration are both denied, and Plaintiff's "Motion Requesting Court to Enforce its June 5th, 2025 Order" is denied as moot.

The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

                                                      /s/
                                                 ORELIA E. MERCHANT
                                                 United States District Judge

September 22, 2025
Brooklyn, New York